

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00079-CR
_____

JAIME SIANN DREW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 8127, Honorable Dale A. Rabe, Jr., Presiding

August 22, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In exchange for a plea of guilty, Jaime Siann Drew was placed on deferred adjudication community supervision for eight years for the offense of burglary of a habitation. An $8,000 fine as well as attorney's fees and court costs were levied against her as well. A short time after that decision, the State moved to adjudicate appellant's guilt for violating conditions of her community supervision. Appellant pleaded "true" to the State's allegations at a hearing on the motion. Her hearing testimony provided further evidence to support her pleas of true. The trial court ultimately found appellant violated two conditions of community supervision, revoked her community supervision, convicted

appellant, and levied an 18-year sentence.  So too did it fine appellant $8,000 and order her to pay court costs.  Appellant raises three issues on appeal.  We affirm.

*Analysis*

Of the three issues, the first concerns the sufficiency of the evidence to support revocation, while the second encompasses a claim of grossly disproportionate punishment in relation to the offense.  Yet, appellant then concedes that and explains why neither of those issues have merit.  Our own review of the record confirms her concession and explanation.  Thus, we overrule issues one and two.

Despite appellant's explanation of her third issue, we are left unsure of her actual complaint.  It encompasses the assessment of the fine and court costs, and she suggests that the trial court may have denied her due process in assessing them.  Why that may be so was unclear.  So, we address the possible contentions one may extrapolate from her writing.

The first is whether the trial court erred in failing to inquire on the record whether she had sufficient resources or income to immediately pay the fine and court costs. Statute generally requires the trial court to do the same.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (so stating).  But, she raised the matter for the first time on appeal.  So, it was not preserved for review.  *See Cruz v. State*, 698 S.W.3d 265, 269 (Tex. Crim. App. 2024) (requiring preservation by first raising the matter with the trial court); *Sikalasinh v. State*, No. 07-24-00018-CR, 2024 Tex. App. LEXIS 7603, at *11 (Tex. App.—Amarillo Oct. 24, 2024, no pet.) (mem. op., not designated for publication) (same).

The second involves the purported failure of the trial court to consider the alternatives to payment listed under article 42.15(a-1)(1) through (4).  The statute provides that ***"[i]f the court determines*** that the defendant does not have sufficient

2

resources or income to immediately pay . . . [it] shall determine" if payment of the fine and costs "should be" delayed, discharged, waived, or satisfied per the choices in (1) through (4). TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1)(1)-(4). Yet, the trial court made no determination about the sufficiency of appellant's resources or income. Nor did anyone ask it to make such a determination or otherwise complain about the failure to make it. Thus, the prerequisites to the application of (1) through (4) did not occur. Nor was the failure to make the requisite determination preserved. *Cruz, supra*.

The third concerns a due process attack under the auspices of *Bearden v. Ga.*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983). There, the Supreme Court held that "if the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available." *Id.* at 668-69. Here, the trial court found two grounds upon which to grant the State's motion to revoke. Neither implicated appellant's financial inability to pay. Rather, one consisted of her neglecting to report as prescribed in the conditions of her community supervision, while the other involved her failure to complete a "financial inability to pay" form, as similarly prescribed. So, *Bearden* is inapposite.

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

3